**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KASIB FORD, | : | |
| Plaintiff, | : | Civil No. 11-7029 (RMB) |
| v. | : | |
|  | : | **O P I N I O N** |
| C. RAY HUGHES, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

Kasib Ford, Pro Se
649809
Southern State Correctional Facility
4295 Rt. 47
Delmont, NJ 08314

**BUMB, District Judge**

Plaintiff, a state prisoner confined at the Southern State Correctional Facility, Delmont, New Jersey, brings this civil action alleging violations of his constitutional rights. He has applied to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

1

is immune from such relief.  For the following reasons, the complaint must be dismissed.

## BACKGROUND

Plaintiff seeks to sue C. Ray Hughes, the Administrator of the Southern State Correctional Facility, as well as the Facility and the Department of Corrections.  Plaintiff seeks to challenge a disciplinary finding against him, which resulted in the loss of commutation credits.  He seeks restoration of the credits, and that the finding of guilt be rescinded.  Plaintiff notes that because of the finding of guilt, he has lost the opportunity to be placed on minimum status, and now has a reduced chance of halfway house placement.  (Complt., ¶ H).

## DISCUSSION

**A.   Legal Standard**

**1.   Standards for a *Sua Sponte* Dismissal**

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B);

2

28 U.S.C. § 1915A(b). This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 129 S. Ct. at 1949-50. See also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

4

under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

**B.    Plaintiff's Claims**

To begin, the Court notes that Plaintiff cannot sue the Facility and the Department of Corrections in this § 1983 suit. See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections and state prison facilities are not "persons" under § 1983).  Also, the Department of Corrections is immune from suit under the Eleventh Amendment.  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Thus, Plaintiff's claims against the Southern State Correctional Facility and the New Jersey Department of Corrections must be dismissed.

Additionally, Plaintiff's claims seeking restoration of good time credits do not fall under the jurisdiction of § 1983.  The Court finds that Plaintiff's claims regarding his disciplinary findings are barred under Preiser v. Rodriguez, 411 U.S. 475 (1973).  In Preiser, the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he

is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500. The plaintiffs in Preiser, who lost good time credits after they were found guilty of disciplinary violations, claimed that they had been denied due process of law and sought restoration of good-time credits that had been cancelled. See id. at 476, 478-81. The Court found that the plaintiffs could not bring their suit pursuant to 42 U.S.C. § 1983. See id. at 500. Similarly, the proper way for Plaintiff in this case to seek restoration of his good time credits is through a habeas petition.[1]

Furthermore, if Plaintiff seeks to assert that he has a constitutional right to halfway house or camp placement, this Court notes that Plaintiff, as a convicted state prisoner, does not have a constitutional right to the housing facility of his choice. In general, an inmate does not have a liberty interest in assignment to a particular institution or to a particular security classification, so long as the conditions or degree of the inmate's confinement falls within the sentence imposed upon him and does not otherwise violate the United States Constitution. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983);

---

[1] Although Plaintiff does not seek monetary relief in this action, this Court notes that any such claims would be barred under Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997).

6

Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montayne v. Haymes, 427 U.S. 236, 243 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting that prison classification and eligibility for rehabilitative programs in the federal prison system are matters delegated by Congress to the "full discretion" of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"); Wesson v. Atlantic County Jail Facility, 2008 WL 5062028, *6 (D.N.J. Nov. 26, 2008) (it is well established that an inmate has no liberty interest in a particular custody level or place of confinement).

## CONCLUSION

Based on the foregoing, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate order accompanies this opinion.

                                s/Renée Marie Bumb
                                RENÉE MARIE BUMB
                                United States District Judge

Dated: August 3, 2012